Exhibit A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin W. Chiang (SBN 252391)<br>EQUITY LEGAL GROUP, P.C.<br>155 N. Lake Ave., Ste. 420<br>Pasadena, CA 91101<br>TELEPHONE NO.: (818) 928-5677     FAX NO.:<br>ATTORNEY FOR *(Name):* Brenda Thomas | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 9/29/2016 4:38:55 PM<br>By: Carmen Orozco, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME: Monterey Courthouse

CASE NAME:
Brenda Thomas v. Winn Management Group, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 16CV003039 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Fifteen (15).
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 28, 2016

Kevin W. Chiang
_____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF MONTEREY COUNTY<br>**Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| **Brenda Thomas**<br>vs.<br>**Winn Management Group, LLC, et al.** | **CASE NUMBER**<br>**16CV003039** |
| | **Case Management Conference** |

### NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case number ending EVEN is assigned for all purposes to the Hon. Thomas W. Wills**

**Your case number ending ODD is assigned for all purposes to the Hon. Susan J. Matcham**

This notice and Alternative Dispute Resolution (ADR) information packet <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov . A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

### Date: <u>January 31, 2017</u>    Time:<u>9:00 AM</u>    <u>Department 15</u>

### Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>

---

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**
**(Civil)**

[Rev. January 2016]

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Additional Parties Attachment form is attached.<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Brenda Thomas, an individual. | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED BY**<br>Superior Court of California,<br>County of Monterey<br>On 9/30/2016 9:25:18 AM<br>By: Janet Nicholson, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Monterey County Superior Court<br>Monterey Courthouse<br>1200 Aguajito Road, Monterey, CA 93940 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>16CV003039 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Chiang; Equity Legal Group, P.C.; 155 N. Lake Ave., Ste. 420, Pasadena, CA 91101; (818) 928-5677

| DATE:<br>*(Fecha)* 9/30/2016 | TERESA A. RISI | Clerk, by<br>*(Secretario)* | /s/ Janet Nicholson | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Brenda Thomas v. Winn Management Group, LLC, et al. | 16CV003039 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Winn Management Group, LLC, a Massachusetts limited liability company; ConAm Management Corporation, a California corporation; Highridge Costa Investors, LLC, a Delaware limited liability company; Builders Alliance for Affordable Housing III, L.P., a California limited partnership; Community Home Builders and Associates, a California corporation; and Does 1 through 10, inclusive.

Page  1  of  1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Kevin W. Chiang (SBN 252391)
**EQUITY LEGAL GROUP, P.C.**
155 N. Lake Ave., Ste. 420
Pasadena, CA 91101
Telephone: (818) 928-5677
Email: kchiang@eqlegalgroup.com

Attorneys for Plaintiff
BRENDA THOMAS

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 9/29/2016 4:38:55 PM
By: Carmen Orozco, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF MONTEREY

BRENDA THOMAS, an individual,

      Plaintiff,

      v.

WINN MANAGEMENT GROUP, LLC, a
Massachusetts limited liability company; CONAM
MANAGEMENT CORPORATION, a California
corporation; HIGHRIDGE COSTA INVESTORS,
LLC, a Delaware limited liability company;
BUILDERS ALLIANCE FOR AFFORDABLE
HOUSING III, L.P., a California limited
partnership; COMMUNITY HOME BUILDERS
AND ASSOCIATES, a California corporation;
and DOES 1 through 10, inclusive,

      Defendants.

Case No.:   16CV003039

**COMPLAINT FOR DAMAGES**

1. **Race/Gender Harassment;**
2. **Race/Gender Discrimination;**
3. **Disability/Medical Condition Discrimination;**
4. **Failure to Engage in the Interactive Process;**
5. **Failure to Provide a Reasonable Accommodation;**
6. **Retaliation in Violation of FEHA;**
7. **Failure to Prevent Harassment, Discrimination, and Retaliation;**
8. **FMLA/CFRA Interference;**
9. **FMLA/CFRA Retaliation;**
10. **Violation of Labor Code §§ 226.7 and 512;**
11. **Violation of Labor Code §§ 510 and 1194;**
12. **Violation of Labor Code § 226;**
13. **Violation of Labor Code § 203;**
14. **Failure to Pay Split Shift Premiums; and**
15. **Violation of Business & Professions Code § 17200, *et seq.***

**PUNITIVE DAMAGES**
**DEMAND FOR JURY TRIAL**
**UNLIMITED JURISDICTION**

1    Plaintiff BRENDA THOMAS ("Plaintiff") hereby brings this Complaint against Defendants

2    WINN MANAGEMENT GROUP, LLC ("Winn"), CONAM MANAGEMENT CORPORATION

3    ("ConAm"), HIGHRIDGE COSTA INVESTORS, LLC ("Highridge"), BUILDERS ALLIANCE FOR

4    AFFORDABLE HOUSING III, L.P. ("Builders"), and COMMUNITY HOME BUILDERS AND

5    ASSOCIATES ("Community") (collectively "Defendants").  Plaintiff alleges as follows on knowledge

6    as to herself and her known acts, and on information and belief as to all other matters:

7                          **I.      THE PARTIES**

8        1.      Plaintiff is a resident of Monterey County, California.  From 2011 to the present, Plaintiff

9    (an African-American woman) has endured horrific racial harassment where she has been called, among

10   other things, a "***fucking nigger bitch***."  Although Plaintiff has tried to remedy the issue, including by

11   complaining about the wrongful conduct to Defendants in a plea to make the conduct stop, Defendants

12   have done absolutely nothing, which has resulted in Plaintiff developing grave and serious emotional

13   distress.  In fact, the emotional distress has been so severe and has taken such a tremendous toll on her

14   mental health and well-being that, in or around August 2016, Plaintiff took a medical leave of absence.

15   Yet, during her leave, Defendants harassed her, and when she returned from leave she was subjected to

16   further discrimination, harassment, and retaliation.

17       2.      Upon information and belief, Winn is a Massachusetts limited liability company.  Winn

18   is Plaintiff's current employer of record and is the employer listed on Plaintiff's pay statements.

19   Although Winn conducts business in the State of California, including by employing individuals like

20   Plaintiff, Winn appears not to be registered with the California Secretary of State based on publicly

21   available information, and thus appears to not be qualified to conduct business in the State of California.

22       3.      Upon information and belief, ConAm is a California corporation.  ConAm is Plaintiff's

23   former employer of record and previously was the employer listed on all of Plaintiff's pay statements.

24       4.      Upon information and belief, Highridge is a Delaware limited liability company.  To

25   Plaintiff's knowledge, Highridge is one of the companies that owns the subject property where Plaintiff

26   works and is employed.  Upon information and belief, Highridge exercises sufficient control over the

27   terms and conditions of Plaintiff's employment such that it can be deemed a joint employer of Plaintiff.

28   ///

5.      Upon information and belief, Builders is a California limited partnership.  To Plaintiff's knowledge, Builders is one of the companies that owns the subject property where Plaintiff works and is employed.   Upon information and belief, Builders exercises sufficient control over the terms and conditions of Plaintiff's employment such that it can be deemed a joint employer of Plaintiff.

6.      Upon information and belief, Community is a California corporation.   To Plaintiff's knowledge, Community is one of the companies that owns the subject property where Plaintiff works and is employed.   Upon information and belief, Community exercises some control over the terms and conditions of Plaintiff's employment such that it can be deemed a joint employer of Plaintiff.

7.      Defendants are individually, jointly, and severally liable for the wrongful conduct alleged herein because each Defendant directly or indirectly, or through an agent or any other person, has exercised control over one another.  Plaintiff is informed and believes and based thereon alleges that at all relevant times, each Defendant has been the agent and employee of its Co-Defendants, and in doing the things alleged in this Complaint has been acting within the course and scope of that agency and employment.

8.      The true names and capacities of Defendants sued herein as Does 1 through 10, inclusive are unknown to Plaintiff at this time, but Plaintiff will amend this Complaint if and when the true names of said Defendants become known to her.  Upon information and belief, each of the Defendants sued herein as a Doe is legally responsible in some manner for the events and happenings referred to herein; and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them."

## II.      JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to the California Constitution, specifically Article VI, Section 10, which grants the Superior Court original jurisdiction in all cases except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

10.      This Court has jurisdiction over all Defendants because, upon information and belief, at all relevant times each Defendant has had sufficient minimum contacts in California, or otherwise has intentionally availed itself of California law so as to render the exercise of jurisdiction over it by a California Court consistent with traditional notions of fair play and substantial justice.

1    11.    Venue is proper in this Court because, upon information and belief, each named

2    Defendant transacts business in Monterey County, and/or the acts and omissions alleged herein took

3    place within Monterey County.

4                              **III.    FACTUAL BACKGROUND**

5    **A.    Employment with ConAm**

6    12.    On or about April 11, 2011, Plaintiff was hired by ConAm[1] to be its onsite Property

7    Manager at the Montecito at Williams Ranch property (hereinafter referred to as the "Property")—

8    located at 1598 Mesquite Dr., Salinas, CA 93904.

9    13.    During her first year of employment, Plaintiff had no problems or issues[2]; but, starting

10   in 2012, Plaintiff began experiencing conflict with a resident at the Property, an intimidating 6'5"

11   Caucasian male by the name Steve Lopuch ("Lopuch").

12   14.    Lopuch, to put it bluntly, was a bully, and was obnoxious and abrasive with other

13   residents at the Property as well as with the Property's staff.  Most people were afraid to speak up

14   against Lopuch, given his stature and demeanor. But Plaintiff, given her position at the Property, had no

15   choice but to put a stop to Lopuch's harassing behavior and shenanigans, for the sake of her residents.

16   15.    When she did so and took a stance, Plaintiff was surprised by the immediate, *vile* reaction

17   she got from Lopuch.  Not only did Lopuch get upset at her, but he also said highly offensive,

18   disgusting, and terrible things to Plaintiff that upset and caused her grave emotional distress.

19   16.    Among other things, Lopuch called Plaintiff a "***fucking nigger bitch***[1]" on multiple

20   occasions.  He also went around the Property telling residents he "***would kill that nigger bitch***"

21   (referring to Plaintiff).[3]

22   17.    Plaintiff complained about Lopuch, as well as the hostile work environment he was

23   creating, to ConAm's upper management and ConAm's HR department.  She pleaded for their help and

24   even asked that ConAm evict Lopuch.  But her complaints and requests were ignored and fell on deaf

25   ears.

26

27   _____
     [1] Along with joint employers Highridge, Builders, and/or Community.
     [2] Other than the wage-and-hour issues discussed below.
28   [3] Lopuch also made offensive comments about Asians, Hispanics, and women, behind their backs, and to their face, such that
     many residents from those groups never came by the Property's Clubhouse in order to avoid Lopuch.

1   18.   Plaintiff, as a result, had to bear through Lopuch's harassment all on her own, enduring a

2   hostile work environment without the help or support of ConAm.

3   19.   Eventually ConAm took action towards the end of 2014, more than 16 months after the

4   harassment had first begun and after the filing of multiple complaints by her.  More specifically, ConAm

5   evicted Lopuch after he had <u>physically assaulted</u> Plaintiff, at which point ConAm (finally) realized how

6   dangerous he was and how much of a threat he posed to Plaintiff and to the other residents at the

7   Property.  But even then, ConAm negligently delayed the eviction, giving Plaintiff an additional 60 days

8   from the date of the eviction to actually leave the premises.  As a result, Lopuch continued to terrorize

9   Plaintiff and other residents up until the very last day that he left the Property.

10   20.   Even after leaving the Property, the harassment did not stop because Lopuch routinely

11   returned to the Property to seek and stalk out Plaintiff.  Oftentimes, he would stand right at the edge of

12   the Property where he would be present *for hours*, just pacing back and forth.  And when he happened to

13   make eye contact with Plaintiff, he would peer at her directly and mouth the words slowly and

14   menacingly "***nigger bitch***."

15   21.   Plaintiff, rightfully, was afraid for her life, especially since back then and at the present

16   time she lived onsite at the Property.  She immediately complained about Lopuch's bizarre conduct,

17   following the eviction, to ConAm and asked for help, including in getting a restraining order.

18   Shockingly, and to her dismay, the company responded by saying "just let him be."  The company also

19   advised that, if he came on the Property, she should just "call the cops."  Otherwise ConAm made

20   absolutely no effort to prevent or stop Lopuch's racially-motivated harassment.  Moreover, the company

21   made clear that if Plaintiff wanted a restraining order to prevent Lopuch from returning to the Property,

22   she herself had to get it all on her own and *at her own expense*.

23   **B.**   **Employment with Winn**

24   22.   On or about October 1, 2015, Winn took over management of the Property and became

25   Plaintiff's official employer.[4]  Like ConAm, Winn was cavalier about the harassment Plaintiff continued

26   to endure at the hands of Lopuch and turned a blind eye.  As a result, Lopuch continued to come to the

27   Property and terrorize Plaintiff; and Winn (just like ConAm) did nothing, taking the same position that

28   

---

[4] Along with joint employers Highridge, Builders, and/or Community.

1   ConAm did that if Plaintiff wanted a restraining order against Lopuch, she would have to get one on her
2   own and at her own expense.

3       23.     Not surprisingly, the harassment took a toll on Plaintiff's mental health and well-being
4   and made it increasingly difficult for her to work at the Property.  Plaintiff complained about her mental
5   stress and ailing health to Winn and openly expressed her frustration to Winn regarding Lopuch's
6   continued and ongoing harassment, including to her supervisor Erin Gibson ("Gibson").  Rather than
7   provide her with any accommodation or engage her in the interactive process, Winn and/or Gibson
8   retaliated against Plaintiff, including by giving her a "Documented Written Warning – Final" on or
9   about August 8, 2016.

10      24.     When that happened, Plaintiff, fed up by Winn's retaliatory behavior and the stress that it
11  had caused, went on a medical leave of absence.  During her leave, she was constantly bothered and
12  harassed by Winn's HR department.  For example, while she was still on leave, Winn asked her multiple
13  questions about her employment that were not of an urgent nature and at one point even asked her to
14  turn over her keys, which conveyed to her that she could no longer be trusted by the company.

15      25.     When she eventually returned several weeks later, she discovered her office in utter and
16  absolute disarray.  Many of her personal belongings had been rummaged through and/or thrown out.
17  Her petty cash had been completely stolen and/or confiscated.  When Plaintiff asked Winn's HR about
18  this and inquired for an explanation regarding the whereabouts of her personal belongings along with the
19  missing petty cash, HR never responded.

20      26.     Given the foregoing facts, Plaintiff suspects it is only a matter of time before Winn will
21  push her out and wrongfully terminate her.

22  C.   **Wage-and-Hour Violations**

23      27.     Throughout her employment with Defendants, Plaintiff was subjected to multiple wage-
24  and-hour violations, including:

25          a.      The failure by Defendants to pay Plaintiff for all hours worked (including for
26                  overtime hours), by forcing her to work off-the-clock.

27          b.      The failure of Defendants to provide Plaintiff with adequate meal and rest breaks,
28                  by not informing her of her rights to take such breaks and/or not providing her the

6
COMPLAINT FOR DAMAGES

1    opportunity to do so.

2          c.    The failure of Defendants to pay Plaintiff the required split shift premium

3                whenever she was required to work split shifts.

4  **D.    Exhaustion**

5          28.    On or about September 23 and 28, 2016, Plaintiff timely filed administrative charges

6  against Defendants with the California Department of Fair Employment and Housing and received

7  "Right to Sue" notices as to each Defendant (which are all attached hereto as Exhibit "A").  Thus, all

8  conditions precedent (i.e., the exhaustion of administrative remedies) to jurisdiction have been fully

9  satisfied and complied with.

10                        **IV.    CAUSES OF ACTION**

11                        **FIRST CAUSE OF ACTION**

12          **(Race/Gender Harassment in Violation of FEHA—Against All Defendants)**

13         29.    Plaintiff re-alleges the allegations in paragraphs 1 through 28, inclusive, and hereby

14  incorporates them by reference as though fully set forth herein.

15         30.    At all relevant times, Defendants were employers within the meaning of the California

16  Fair Employment and Housing Act, California Government Code Sections 12940, *et seq.* ("FEHA"),

17  and thus covered by FEHA's provisions.

18         31.    Throughout Plaintiff's employment, Defendants allowed Plaintiff to be subjected to a

19  hostile work environment, including by allowing a nonemployee in the workplace to intimidate and to

20  call Plaintiff on multiple occasions a "***fucking nigger bitch***."

21         32.    Plaintiff was subjected to unwanted harassing conduct because of her gender (female)

22  and/or because of her race (African-American).

23         33.    A reasonable person in Plaintiff's circumstances would have considered the work

24  environment to be hostile or abusive.

25         34.    Plaintiff herself considered the work environment to be hostile or abusive.

26         35.    Plaintiff made multiple complaints to Defendants, such that Defendants knew or should

27  have known about the harassing conduct.  However, Defendants failed to take any immediate

28  appropriate action to address Plaintiff's complaints.

1    36.    Plaintiff was harmed.

2    37.    Defendants' failure to take immediate action was a substantial factor in causing
3    Plaintiff's harm.

4    38.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff
5    has sustained and continues to sustain, economic damages in earnings and other employment benefits in
6    an amount according to proof.

7    39.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff
8    has sustained, and continues to sustain, non-economic damages and emotional distress.

9    40.    Plaintiff has sustained general and special damages within the jurisdictional limits of this
10    Court.

11    41.    The acts and conduct of Defendants constitute "malice," "oppression," and/or "fraud" (as
12    those terms are defined in California Civil Code § 3294(c)), in that these acts were intended by
13    Defendants to cause injury to Plaintiff and/or constituted despicable conduct carried on by the
14    Defendants with willful and conscious disregard of the rights of Plaintiff.

15    42.    The acts of Defendants were done fraudulently, maliciously and oppressively and with
16    the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the
17    meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the
18    corporation, including the acts Plaintiff's supervisors and Defendants' officers and employees.   The
19    actions and conduct of Defendants were intended to cause injury to Plaintiff and constituted deceit and
20    concealment of material facts known to Defendants with the intention of Defendants to deprive Plaintiff
21    of her property and legal rights, justifying an award of exemplary and punitive damages in an amount
22    according to proof.

23    43.    As a further direct, legal, and proximate result of Defendants' conduct, Plaintiff was
24    caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to
25    an award of attorneys' fees according to proof.

26    **SECOND CAUSE OF ACTION**

27    **(Race/Gender Discrimination in Violation of FEHA—Against All Defendants)**

28    44.    Plaintiff re-alleges the allegations in paragraphs 1 through 43, inclusive, and hereby

8

COMPLAINT FOR DAMAGES

1  incorporates them by reference as though fully set forth herein.

2       45.     At all relevant times, Defendants were employers within the meaning of FEHA and thus

3  covered by FEHA's provisions.

4       46.     At all relevant times, Plaintiff was employed by Defendants.

5       47.     Defendants subjected Plaintiff to adverse employment actions as described above when

6  Defendants discriminated against her on the basis of her gender (female) and/or race (African-

7  American).

8       48.     Plaintiff is informed and believes, and based thereon, alleges that her gender and/or race

9  were substantial motivating reasons for Defendants' adverse employment actions against her.

10      49.     Plaintiff was harmed.

11      50.     Defendants' discrimination towards Plaintiff violated FEHA and was a substantial factor

12  in causing Plaintiff's harm.

13      51.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendants,

14  Plaintiff is entitled to the damages described at paragraphs 38-43.

15                          **THIRD CAUSE OF ACTION**

16  **(Disability/Medical Condition Discrimination in Violation of FEHA—Against All Defendants)**

17      52.     Plaintiff re-alleges the allegations in paragraphs 1 through 51, inclusive, and hereby

18  incorporates them by reference as though fully set forth herein.

19      53.     At all relevant times, Defendants were employers within the meaning of FEHA and thus

20  covered by FEHA's provisions.

21      54.     At all relevant times, Plaintiff was employed by Defendants.

22      55.     Defendants knew Plaintiff had a disability/medical condition (or perceived Plaintiff had a

23  disability/medical condition) within the meaning of FEHA.

24      56.     Plaintiff was able to perform the essential functions of her job, with or without a

25  reasonable accommodation.

26      57.     Plaintiff is informed and believes, and based thereon, alleges that her actual and/or

27  perceived disability/medication condition was the substantial motivating reason for Defendants' adverse

28  employment actions against her.

9

COMPLAINT FOR DAMAGES

58. Plaintiff was harmed.

59. Defendants' discrimination towards Plaintiff violated FEHA and was a substantial factor in causing Plaintiff's harm.

60. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendants, Plaintiff is entitled to the damages described at paragraphs 38-43.

## FOURTH CAUSE OF ACTION

### (Failure to Engage in the Interactive Process—Against All Defendants)

61. Plaintiff re-alleges the allegations in paragraphs 1 through 60, inclusive, and hereby incorporates them by reference as though fully set forth herein.

62. At all relevant times, Defendants were employers within the meaning of FEHA and thus covered by FEHA's provisions.

63. At all relevant times, Plaintiff was employed by Defendants.

64. Plaintiff had a disability/medical condition that was known to Defendants.

65. Plaintiff requested that Defendants make reasonable accommodation for her disability/medical condition (and/or sufficiently put them on notice that she would need a reasonable accommodation) so that she would be able to perform the essential functions of her job.

66. Plaintiff was willing to participate in an interactive process to determine whether a reasonable accommodation could be made so that she would be able to perform the essential functions of her job.

67. Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation(s) could be made.

68. Plaintiff was harmed.

69. Defendants' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

70. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendants, Plaintiff is entitled to the damages described at paragraphs 38-43.

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

**(Failure to Provide a Reasonable Accommodation—Against All Defendants)**

71.     Plaintiff re-alleges the allegations in paragraphs 1 through 70, inclusive, and hereby incorporates them by reference as though fully set forth herein.

72.     At all relevant times, Defendants were employers within the meaning of FEHA and thus covered by FEHA's provisions.

73.     At all relevant times, Plaintiff was employed by Defendants.

74.     Plaintiff had a disability/medical condition that was known to Defendants.

75.     Plaintiff requested that Defendants make reasonable accommodation for her disability/medical condition so that she would be able to perform the essential functions of her job.

76.     Defendants failed to provide any reasonable accommodation(s) to Plaintiff.

77.     Plaintiff was harmed.

78.     Defendants' failure to provide reasonable accommodation(s) was a substantial factor in causing Plaintiff's harm.

79.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendants, Plaintiff is entitled to the damages described at paragraphs 38-43.

**SIXTH CAUSE OF ACTION**

**(Retaliation in Violation of FEHA—Against All Defendants)**

80.     Plaintiff re-alleges the allegations in paragraphs 1 through 79, inclusive, and hereby incorporates them by reference as though fully set forth herein.

81.     At all relevant times, Defendants were employers within the meaning of FEHA and thus covered by FEHA's provisions.

82.     At all relevant times, Plaintiff was employed by Defendants.

83.     As described herein, Plaintiff participated and/or engaged in protected activity by reporting unlawful conduct at work, including discrimination, harassment, and retaliation.

84.     Defendants subjected Plaintiff to adverse employment actions because of her protected activity as described above, including by giving her a "Documented Written Warning – Final" on or about August 8, 2016.

85.     Plaintiff is informed and believes and based thereon alleges that her protected activities of reporting unlawful conduct at work were the substantial motivating reasons for Defendants' retaliatory acts.

86.     Plaintiff was harmed.

87.     Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

88.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendants, Plaintiff is entitled to the damages described at paragraphs 38-43.

### SEVENTH CAUSE OF ACTION

**(Failure to Prevent Harassment, Discrimination, and Retaliation—Against All Defendants)**

89.     Plaintiff re-alleges the allegations in paragraphs 1 through 88, inclusive, and hereby incorporates them by reference as though fully set forth herein.

90.     Plaintiff was employed by Defendants.

91.     Plaintiff was subjected to harassment, discrimination, and retaliation in the course of her employment.

92.     Defendants failed to take any and all reasonable steps to prevent the harassment, discrimination, and retaliation.

93.     Plaintiff was harmed.

94.     Defendants' failure to take any and all reasonable steps to prevent harassment, discrimination, and retaliation was a substantial factor in causing Plaintiff's harm.

95.     As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff will seek and is entitled to the damages more fully described at paragraphs 38-43.

### EIGHT CAUSE OF ACTION

**(FMLA/CFRA Interference—Against All Defendants)**

96.     Plaintiff re-alleges the allegations in paragraphs 1 through 95, inclusive, and hereby incorporates them by reference as though fully set forth.

97.     Plaintiff was eligible for medical leave under the Family and Medical Leave Act ("FMLA") and/or the California Family Rights Act ("CFRA").

98.     In August 2016, Plaintiff requested and then took a protected medical leave for her own

1    serious health condition.

2        99.    Plaintiff provided reasonable notice to Defendants of her need for a protected medical

3    leave of absence.

4        100.    During Plaintiff's protected medical leave, Defendants constantly harassed Plaintiff,

5    including by asking her non-urgent employment questions, thereby interfering with her protected leave.

6        101.    Plaintiff was harmed.

7        102.    Defendants' conduct in interfering with Plaintiff's protected leave was a substantial

8    factor in causing Plaintiff's harm.

9        103.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff

10   will seek and is entitled to the damages more fully described at paragraphs 38-43.

11                          **NINTH CAUSE OF ACTION**

12                   **(FMLA/CFRA Retaliation—Against All Defendants)**

13       104.    Plaintiff re-alleges the allegations in paragraphs 1 through 103, inclusive, and hereby

14   incorporates them by reference as though fully set forth.

15       105.    Plaintiff was eligible for medical leave under the FMLA and/or the CFRA.

16       106.    In August 2016, Plaintiff requested and then took a protected medical leave for her own

17   serious health condition.

18       107.    Following Plaintiff's return from her protected medical leave, Plaintiff was subjected to

19   adverse employment action(s).

20       108.    Plaintiff's request and/or taking of protected leave was a substantial motivating reason for

21   the adverse employment action(s).

22       109.    Plaintiff was harmed.

23       110.    Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

24       111.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff

25   will seek and is entitled to the damages more fully described at paragraphs 38-43.

26                          **TENTH CAUSE OF ACTION**

27               **(Violation of Labor Code §§ 226.7 and 512—Against All Defendants)**

28       112.    Plaintiff re-alleges the allegations in Paragraphs 1 through 111, inclusive, and hereby

---
                                   13
                         COMPLAINT FOR DAMAGES

1   incorporates them by reference as though fully set forth.

2      113.    California law requires employees be provided a thirty (30) minute, uninterrupted meal

3   period by the end of the fifth hour of work, unless the total working hours are less than six (6) hours

4   upon which the meal period can be waived by the mutual consent of the employee and the employer.

5   Further, California law provides employees a second thirty (30) minute meal period if the employee

6   works more than ten (10) hours in a work day unless, if the total daily hours worked is less than twelve

7   (12) hours, the second meal period can be waived by the mutual consent of the employer and employee

8   but only if the first meal period was not waived.

9      114.    California law provides that employers must authorize and permit employees to take at

10   least a ten (10) minute paid rest period for every four (4) hours worked or major fraction thereof.

11      115.    California Labor Code §§ 226.7 and 512, and the applicable Industrial Welfare

12   Commission Order(s), provide that if an employer fails to provide a meal or rest period, the employer

13   shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work

14   day that the meal or rest period is not provided.

15      116.    Defendants regularly employed Plaintiff for periods of more than five (5) hours without

16   providing Plaintiff the opportunity to take a 30-minute uninterrupted meal period, and Defendants

17   regularly failed to authorize, permit, and provide Plaintiff with additional meal and rest periods as

18   required by law.  Defendants, and each of them, impeded, discouraged, and dissuaded Plaintiff from

19   taking said meal and rest breaks.  Therefore, Plaintiff is entitled to be paid for any lost wages and meal

20   and rest period premiums as provided under California law.

21                        **ELEVENTH CAUSE OF ACTION**

22            **(Violation of Labor Code §§ 510 AND 1194—Against All Defendants)**

23      117.    Plaintiff re-alleges the allegations in paragraphs 1 through 116, inclusive, and hereby

24   incorporates them by reference as though fully set forth.

25      118.    It is unlawful under California law for an employer to suffer or permit an employee to

26   work without paying wages for all hours worked, including but not limited to, overtime wages or work,

27   in excess of eight (8) hour workdays and/or forty (40) hour workweeks.

28      119.    Throughout her employment with Defendants, Plaintiff performed work for Defendants

1 | and was not paid for some or all hours worked.

2 | 120. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has
3 | sustained damages, including loss of wages and overtime wages owed, in an amount to be established at
4 | trial.

5 | 121. Plaintiff seeks damages in the amount of the respective unpaid wages and overtime
6 | compensation, prejudgment interest, and costs and attorneys' fees, pursuant to statute, and such other
7 | legal and equitable relief as the Court deems just and proper.

8 | **TWELFTH CAUSE OF ACTION**

9 | **(Violation of Labor Code § 226—Against All Defendants)**

10 | 122. Plaintiff re-alleges the allegations in Paragraphs 1 through 121, inclusive, and hereby
11 | incorporates them by reference as though fully set forth.

12 | 123. Defendants intentionally failed to furnish to Plaintiff upon each payment of wages,
13 | accurate itemized statements of actual total hours worked, as well as the applicable hourly rates in effect
14 | during the pay period, and the corresponding number of hours worked at each hourly rate. Moreover,
15 | Defendants failed to furnish to Plaintiff accurate itemized statements indicating whether Plaintiff
16 | received compensation for the meal and/or rest periods that Defendants failed to provide.

17 | 124. Plaintiff was damaged by these failures because, among other things, the failures led
18 | Plaintiff to believe that she was not entitled to be paid for all hours worked, although she was so entitled,
19 | and because the failures hindered Plaintiff from determining the amounts owed to her. Plaintiff thus is
20 | entitled to the amounts provided for in California Labor Code § 226(e).

21 | 125. Plaintiff is further entitled to seek penalties for injuries under California Labor Code §
22 | 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in
23 | which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period
24 | not to exceed four thousand dollars ($4,000). Plaintiff is also entitled to seek penalties under California
25 | Labor Code § 226.3, providing a civil penalty in the amount of two hundred and fifty dollars ($250) per
26 | initial violation and one thousand dollars ($1,000) per subsequent citation.

27 | 126. As a further direct, legal, and proximate result of the conduct of Defendants, Plaintiff was
28 | caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to

1  an award of attorneys' fees according to proof.

2                          **THIRTEENTH CAUSE OF ACTION**

3      **(Violation of Labor Code § 203—Against ConAm, Highridge, Builders, and Community Only)**

4          127.    Plaintiff re-alleges the allegations in paragraphs 1 through 126, inclusive, and hereby

5  incorporates them by reference as though fully set forth herein.

6          128.    California employers must compensate an employee all wages owed not later than 72

7  hours after the termination of employment.

8          129.    At the time Winn replaced ConAm as the employer of record, ConAm (along with

9  Highridge, Builders, and Community) knowingly and intentionally failed to pay Plaintiff all

10  compensation she was owed within 72 hours of ConAm's termination of her employment.

11         130.    As a direct and proximate result of the unlawful conduct of Defendants, as set forth

12  herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at

13  trial.

14         131.    Plaintiff is entitled waiting time penalties under California Labor Code §§ 201 to 203,

15  equal to thirty (30) days of Plaintiff's wages.

16         132.    As a further direct, legal, and proximate result of the conduct of Defendants, Plaintiff was

17  caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to

18  an award of attorneys' fees according to proof.

19                          **FOURTEENTH CAUSE OF ACTION**

20             **(Failure to Pay Split Shift Premiums—Against All Defendants)**

21         133.    Plaintiff re-alleges the allegations in paragraphs 1 through 132, inclusive, and hereby

22  incorporates them by reference as though fully set forth herein.

23         134.    The applicable Industrial Welfare Commission Order(s) provide that, when an employee

24  works a split shift, one hour's pay at the minimum wage must be paid to the employee in addition to the

25  minimum wage for that workday.

26         135.    During her employment, Plaintiff was required to work one or more split shifts for which

27  Defendants never paid her the required split shift premium.

28         136.    Accordingly, Plaintiff is entitled to such premiums.

137.    As a further direct, legal, and proximate result of the conduct of Defendants, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorneys' fees according to proof.

### FIFTEENTH CAUSE OF ACTION

### (Violation of Business & Professions Code § 17200, *Et Seq.*—Against All Defendants)

1.    Plaintiff re-alleges the allegations in paragraphs 1 through 132, inclusive, and hereby incorporates them by reference as though fully set forth herein.

2.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq.*, which prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

3.    Defendants committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the wage-and-hour violations as described herein.  Defendants' conduct has damaged Plaintiff, including by denying her earned wages, and therefore has been substantially injurious to her.

4.    Defendants' course of conduct, including their acts and practices, each of which violates California's laws, constitutes a separate and independent violation of the UCL.  Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

5.    The harm to Plaintiff in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice of act within the meaning of the UCL.

6.    The unlawful and unfair business practices and acts of Defendants have injured Plaintiff in that she has been wrongfully denied the payment of earned compensation, both at her regular rate and her overtime rate.

7.    Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the UCL and applicable law.

8.    As a result of the unfair business practices of Defendants, Plaintiff is entitled to injunctive relief and restitution in amounts according to proof at trial.

---

17

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.  For general, compensatory, and economic damages according to proof;

2.  For non-economic damages according to proof;

3.  For prejudgment interest;

4.  For an award of exemplary and punitive damages according to proof;

5.  For reasonable attorneys' fees available under applicable law, including pursuant to Government Code Section 12965(b) and Labor Code Section 218.5, 226, 1194, 1197, 1198.5, and 2802, and California Civil Code § 1021.5;

6.  For penalties and premiums available under applicable law, including Labor Code Sections 203, 226, 226.3, 226.7, and 1198.5;

7.  For statutory penalties for unfair business practices pursuant to California Business and Professions Code § 17206, according to proof at trial;

8.  For injunctive relief as provided by California Business and Professions Code §17200, *et seq.*;

9.  For costs of suit herein incurred; and

10. For such other relief as the Court deems proper.

DATED: September 28, 2016            **EQUITY LEGAL GROUP, P.C.**

By: _____
      Kevin W. Chiang

      Attorneys for Plaintiff
      BRENDA THOMAS

18
COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2   Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.

3

4   DATED:  September 28, 2016                **EQUITY LEGAL GROUP, P.C.**

5

6

7                                          By:  _____

8                                               Kevin W. Chiang

9                                               Attorneys for Plaintiff
                                                BRENDA THOMAS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 23, 2016

Kevin Chiang
155 N. Lake Ave., Ste. 420
Pasadena California 91101

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 819845-252619
Right to Sue: Thomas / ConAm Management Corporation

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer.  You or your attorney must serve the complaint.  If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 23, 2016

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 819845-252619
Right to Sue: Thomas / ConAm Management Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 23, 2016

Brenda Thomas
1584 Mesquite Dr., Apt. 105
Salinas, California 93905

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 819845-252619
Right to Sue: Thomas / ConAm Management Corporation

Dear Brenda Thomas,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 23, 2016 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 819845-252619
Brenda Thomas, Complainant.
1584 Mesquite Dr., Apt. 105
Salinas, California 93905

vs.

ConAm Management Corporation, Respondent.
3990 Ruffin Rd., Ste. 100
San Diego, California 92123

Complainant alleges:

1. Respondent **ConAm Management Corporation** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **September 30, 2015**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Denied a work environment free of discrimination and/or retaliation,** .  Complainant believes respondent committed these actions because of their: **Age - 40 and over, Color, Engagement in Protected Activity, Race, Sex - Gender** .

3. Complainant **Brenda Thomas** resides in the City of **Salinas**, State of **California**.  If complaint includes co-respondents please see below.

H 802-1

-5-
*Complaint – DFEH No. 819845-252619*

Date Filed: September 23, 2016

1

2   **Additional Complaint Details:**

3
    Complainant was discriminated, harassed, and retaliated against on the basis of her
4   race, color, age, gender, and/or because she engaged in protected activity.  The
    discrimination, harassment, and retaliation continued throughout Complainant`s
5   employment.

6   More specifically, Complainant, a property manager of a residential housing project,
7   was repeatedly harassed by a Caucasian resident.  Among other things, the resident
    would repeatedly call Complainant a "fucking nigger bitch" and told other residents at
8   the property that he "would kill that nigger bitch" (referring to Complainant).
    Complainant filed multiple complaints about the resident`s misconduct to Respondent,
9   and Respondent failed to take appropriate measures, as required by the Fair
    Employment and Housing Act, to prevent, mitigate, or otherwise end the resident`s
10  harassing conduct.

11

12

13

14

15

16

17

18

19

20

21

22

H 802-1

Date Filed: September 23, 2016

VERIFICATION

I, **Kevin W. Chiang**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On September 23, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Kevin W. Chiang**

-7-
*Complaint – DFEH No. 819845-252619*

Date Filed: September 23, 2016



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

**AMENDED**

September 23, 2016

Kevin Chiang
155 N. Lake Ave., Ste. 420
Pasadena California 91101

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 819845-252619
Right to Sue: Thomas / ConAm Management Corporation

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer.  You or your attorney must serve the complaint.  If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                          DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

**AMENDED**

September 23, 2016

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 819845-252619
Right to Sue: Thomas / ConAm Management Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

## AMENDED

September 23, 2016

Brenda Thomas
1584 Mesquite Dr., Apt. 105
Salinas, California 93905

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 819845-252619
Right to Sue: Thomas / ConAm Management Corporation

Dear Brenda Thomas,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 23, 2016 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

Enclosures

cc:  Highridge Costa Investors, LLC

Builders Alliance For Affordable Housing III, L.P.

Community Home Builders And Associates

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                          DFEH No. 819845-252619
Brenda Thomas, Complainant.
1584 Mesquite Dr., Apt. 105
Salinas, California 93905

vs.

ConAm Management Corporation, Respondent.
3990 Ruffin Rd., Ste. 100
San Diego, California 92123
_____

Complainant alleges:

1. Respondent **ConAm Management Corporation** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **September 30, 2015**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied family care or medical leave, Denied reasonable accommodation,** . Complainant believes respondent committed these actions because of their: **Age - 40 and over, Color, Disability, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics, Race, Sex - Gender** .

3. Complainant **Brenda Thomas** resides in the City of **Salinas**, State of **California**. If complaint includes co-respondents please see below.

H 802-1

-5-
*Complaint – DFEH No. 819845-252619*

Date Filed: September 23, 2016

Date Amended: September 28, 2016

1

2    **Co-Respondents:**
     Highridge Costa Investors, LLC

3
     330 W. Victoria St.
4    Gardena  California 90248

     Builders Alliance For Affordable Housing III, L.P.
5
     675 N. First St., Ste. 620
6    San Jose  California 95112

7    Community Home Builders And Associates

8    151 Kalmus Dr., Ste. J-5
     Costa Mesa  California 92626

9

10

11

12

13

14

15

16

17

18

19

20

21

22

H 802-1

                                          -6-

Date Filed: September 23, 2016

Date Amended: September 28, 2016

1

2    **Additional Complaint Details:**

3
     Complainant was discriminated, harassed, and retaliated against on the basis of her
4    race, color, age, gender, disability, medical condition, and/or because she engaged in
     protected activity and/or took a protected leave of absence.  The discrimination,
5    harassment, and retaliation continued throughout Complainant`s employment.

6
     More specifically, Complainant, a property manager of a residential housing project,
7    was repeatedly harassed by a Caucasian resident.  Among other things, the resident
     would repeatedly call Complainant a "fucking nigger bitch" and told other residents at
8    the property that he "would kill that nigger bitch" (referring to Complainant).
     Complainant filed multiple complaints about the resident`s misconduct to Respondents,
9    and Respondents failed to take appropriate measures, as required by the Fair
     Employment and Housing Act, to prevent, mitigate, or otherwise end the resident`s
10   harassing conduct.

11

12

13

14

15

16

17

18

19

20

21

22

H 802-1

-7-
*Complaint – DFEH No. 819845-252619*

Date Filed: September 23, 2016

Date Amended: September 28, 2016

VERIFICATION

I, **Kevin W. Chiang**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On September 23, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, CA**
**Kevin W. Chiang**

-8-
*Complaint – DFEH No. 819845-252619*

Date Filed: September 23, 2016

Date Amended: September 28, 2016



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 28, 2016

Kevin Chiang
155 N. Lake Ave., Ste. 420
Pasadena California 91101

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 795324-253662
Right to Sue: Thomas / Winn Management Group, LLC

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 28, 2016

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 795324-253662
Right to Sue: Thomas / Winn Management Group, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                 GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 28, 2016

Brenda Thomas
1584 Mesquite Dr., Apt. 105
Salinas, California 93905

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 795324-253662
Right to Sue: Thomas / Winn Management Group, LLC

Dear Brenda Thomas,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective September 28, 2016 because an immediate
Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

  cc:  Highridge Costa Investors, LLC

Builders Alliance For Affordable Housing III, L.P.

Community Home Builders And Associates

1  **COMPLAINT OF EMPLOYMENT DISCRIMINATION**

2  **BEFORE THE STATE OF CALIFORNIA**

3  **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

4  **Under the California Fair Employment and Housing Act**
   **(Gov. Code, § 12900 et seq.)**

5

6  In the Matter of the Complaint of                    DFEH No. 795324-253662

7  Brenda Thomas, Complainant.
   1584 Mesquite Dr., Apt. 105

8  Salinas, California 93905

9  vs.

10
    Winn Management Group, LLC, Respondent.

11  6 Faneuil Hall Marketplace
    Boston, Massachusetts 02109

12

13

14  Complainant alleges:

15  1. Respondent **Winn Management Group, LLC** is a subject to suit under the California Fair Employment and
    Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

16
    2. On or around **September 28, 2016**, complainant alleges that respondent took the following adverse actions
17  against complainant: **Discrimination, Harassment, Retaliation Denied a good faith interactive process,**
    **Denied a work environment free of discrimination and/or retaliation, Denied family care or medical**
18  **leave, Denied reasonable accommodation,** . Complainant believes respondent committed these actions
    because of their: **Age - 40 and over, Color, Disability, Engagement in Protected Activity, Family Care or**
19  **Medical Leave, Medical Condition - Including cancer or cancer related medical condition or genetic**
    **characteristics, Race, Sex - Gender** .
20
    3. Complainant **Brenda Thomas** resides in the City of **Salinas**, State of **California**. If complaint includes co-
21  respondents please see below.

22

-5-
*Complaint – DFEH No. 795324-253662*

H 802-1

Date Filed: September 28, 2016

1

2

**Co-Respondents:**
Highridge Costa Investors, LLC

3

330 W. Victoria St.
Gardena  California 90248

4

Builders Alliance For Affordable Housing III, L.P.

5

675 N. First St., Ste. 620
San Jose  California 95112

6

7

Community Home Builders And Associates

151 Kalmus Dr., Ste. J-5
Costa Mesa  California 92626

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

H 802-1

-6-

*Complaint – DFEH No. 795324-253662*

Date Filed: September 28, 2016

1

2   **Additional Complaint Details:**

3   Complainant has been discriminated, harassed, and retaliated against on the basis of
4   her race, color, age, gender, disability, and/or medical condition, and/or because she
    engaged in protected activity and/or took a protected leave of absence. The
5   discrimination, harassment, and retaliation has continued throughout Complainant`s
6   employment (and will continue as she is still currently employed by Respondents).

7   More specifically, and without limiting the scope of Complainant`s allegations as
    contained and set forth in the foregoing paragraph, Complainant alleges as follows:
8   Respondents have failed to prevent, mitigate, or otherwise end ongoing harassment
    caused by a non-employee (who has repeatedly called Complainant a "fucking nigger
9   bitch"). Respondents have been informed and/or are aware of the harassment,
10  including because Complainant has made multiple complaints to them regarding the
    same. Notwithstanding, and shamefully, Respondents have failed to take any
11  appropriate measures, as required by the Fair Employment and Housing Act. As such,
    Complainant has had to endure a hostile work environment, discriminatory conduct, and
12  retaliatory behavior on her own and without any support from Respondents and thus
13  has suffered extreme emotional distress, for which she has had to take a protected
    leave of absence. Yet, during and shortly after taking the protected leave, Respondents
14  have retaliated against her and have also denied her a reasonable accommodation for
    her disability/medical condition. Respondents have also failed to engage Complainant
15  in the interactive process.

16

17

18

19

20

21

22

H 802-1

Date Filed: September 28, 2016

VERIFICATION

I, **Kevin W. Chiang**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On September 28, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, CA**
**Kevin W. Chiang**

-8-
*Complaint – DFEH No. 795324-253662*

Date Filed: September 28, 2016