**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BRENDA THOMAS,<br><br>       Plaintiff,<br><br>  v.<br><br>CONAM MANAGEMENT<br>CORPORATION, et al.,<br><br>       Defendants. | Case No.  16-cv-06515-BLF<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |

Plaintiff Brenda Thomas ("Plaintiff") brings this action against five defendants as a result of the harassment and emotional distress she experienced during the course of her employment as an on-site property manager.[1] Among her various claims, Plaintiff alleges violations of the California Fair Employment and Housing Act ("FEHA"), the California Family Rights Act ("CFRA"), and the California Labor Code ("CLC") against her current and former employers as well as the owner entities of the property where she worked.

Defendants ConAm Management Corporation ("ConAm"), Highridge Costa Investors, LLC ("Highridge"), Builders Alliance for Affordable Housing III, L.P. ("Builders Alliance"), and Community Home Builders & Associates ("Community Home") (collectively, the "Released Defendants"), agreed to settle with Plaintiff for a payment of $80,000. In light of the parties' notice of settlement as to the Released Defendants, the Court stayed the action through August 15, 2017, and instructed the settling parties to file a motion for a determination of good faith. ECF 37.

---

[1] Plaintiff originally filed this action in the Superior Court of California for the County of Monterey. ECF 1-3. Defendant ConAm removed the action to the United States District Court for the Northern District of California on the basis of federal question jurisdiction, 28 U.S.C. § 1331. ECF 1. Plaintiff filed a motion to remand, ECF 10, and filed a First Amended Complaint ("FAC") which included only violations of California law and removed all references to federal laws, ECF 12. The FAC also entirely dismissed one of the defendants, Community Home. The Court terminated Plaintiff's motion to remand and defendants' pending motions to dismiss the FAC without prejudice in light of the notice of settlement with the Released Defendants, ECF 37.

On July 14, 2017, the Released Defendants filed the instant unopposed motion requesting that the Court determine that their $80,000 settlement with Plaintiff is in good faith within the meaning of California Code of Civil Procedure § 877.6. ("Mot."), ECF 38. Defendant Winn Management Group, LLC ("Winn"), the only non-settling defendant, does not object to the instant motion or contest the good faith basis of the settlement reached. Mot. 4; Roberts Decl. ¶ 11; ECF 38-1.

On July 26, 2017, the Court took the Released Defendants' motion for determination of good faith settlement under submission without oral argument and stayed the action until the issuance of its order on the motion. ECF 40. The Court has now reviewed the unopposed motion for good faith determination. For the reasons below, the Court finds that the settlement between Plaintiff and the Released Defendants was made and entered into in good faith within the meaning of California Code of Civil Procedure § 877.6. Thus, Defendants' unopposed motion is GRANTED.

## I. LEGAL STANDARD

In "an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt," California Code of Civil Procedure § 877.6 permits a court to determine whether a settlement between the plaintiff and one or more defendants was made in good faith. *See* Cal. C. Civ. P. § 877.6(a). "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. C. Civ. P. § 877.6(c).

Section 877.6 has two objectives: equitable sharing of costs among parties at fault and encouragement of settlements. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 698 P.2d 159 (1985). To determine whether a settlement was made in good faith under this statute, the Court must consider a number of factors, including: (1) a rough approximation of the plaintiff's total recovery and the settlors' proportional liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) the recognition that a settlor should pay less in settlement than he would if he were found liable after trial; (5) the financial conditions and

insurance policy limits of the settling tortfeasor; and (6) the existence of collusion, fraud, or tortious conduct intended to injure the interests of the non-settling parties. *Id*. at 499. "Practical considerations" require that the evaluation "be made on the basis of the information available at the time of settlement," and "[a] defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be." *Id*. (internal quotation marks and citation omitted).

When no party objects to the proposed settlement, the court may bypass the *Tech–Bilt* factors and enter a finding of good faith when presented merely with "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case." *City of Grand Terrace v.Super. Ct. of San Bernardino Cnty.,* 192 Cal.App.3d 1251, 1261 (1987) (concluding "that only when the good faith nature of a settlement is disputed, it is incumbent upon the trial court to consider and weigh the *Tech-Bilt* factors."); *see also PAG–Daly City, LLC v. Quality Auto Locators, Inc.,* No. C 12–3907 WHA, 2014 WL 807415, at *1 (N.D.Cal. Feb. 27, 2014) ("Once there is a showing made by the settlor of the settlement, the burden of proof on the issue of good faith shifts to the nonsettlor who asserts that the settlement was not made in good faith.").

## II. DISCUSSION

A federal court may properly evaluate a settlement under section 877.6. *Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) (holding that although "section 877.6 procedures do not govern a federal action...the substantive provisions…are applicable"). Thus, in appropriate cases, parties settling actions in federal courts may seek a determination that the settlement was entered into in good faith under section 877.6. *See, e.g., Schaeffer v. Gregory Vill. Partners, L.P.*, No. 13-CV-04358-JST, 2015 WL 5316357 (N.D. Cal. Sept. 11, 2015).

Moreover, a good faith settlement determination under section 877.6 is available only in actions "in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt." Cal. C. Civ. P. 877.6(a)(1); *see also Forman v. Gov't Employees Ins. Co.*, 920 F. Supp. 1065, 1066 (N.D. Cal. 1996). Plaintiff alleges that all defendants are jointly and severally liable for the "horrific racial harassment" she endured from a resident at the defendants' property

1    during the course of her employment. FAC, ECF 12. The Released Defendants have consistently

2    disputed Plaintiff's claims and their respective liability. Mot. 3. The Released Defendants include

3    Plaintiff's former employer (ConAm) and three owner and owner-related entities of the property

4    where Plaintiff worked.[2] The Court finds that the employer and owner defendants in this action

5    are "joint tortfeasors" as that requirement is broadly construed. *See Topa Ins. Co. v. Fireman's*

6    *Fund Ins. Cos.*, 39 Cal. App. 4th 1331, 1341 (1995); *see also Kohn v. Superior Court*, 142 Cal.

7    App. 3d 323, 332 (1983) ("Nothing in [section 877.6] limits its application to personal injury

8    actions or to noncommercial lawsuits," and if an action "requires determination of the 'negligence'

9    or 'fault' of various defendants, the principles of Code of Civil Procedure section 877.6 apply to

10   settlements made by the defendants.") Accordingly, the Released Defendants may seek a

11   determination under section 877.6 as to whether their settlement with Plaintiff is in good faith.

12         Next, the Court considers whether the settlement satisfies the requirements of

13   section 877.6. The Released Defendants' motion and the accompanying Roberts declaration set

14   forth the background of the case and the basis for the good faith settlement. The good faith nature

15   of the settlement is not disputed. The only non-settling defendant, Winn, received notice of the

16   settlement and its terms and stated through its counsel that it would not contest the good faith basis

17   of the settlement reached. Mot. 7; Roberts Decl. ¶ 11. Because the Released Defendants provided

18   notice to the only non-settling defendant and no party objects to the motion, the settlement

19   between Plaintiff and the Released Defendants is presumed to be made in good faith. Therefore, it

20   is not "incumbent upon the trial court to consider and weigh the *Tech-Bilt* factors." *City of Grand*

21   *Terrace,* 192 Cal.App.3d at 1261; *see also PAG-Daly City*, 2014 WL 807415, at *2 (N.D. Cal.

22   Feb. 27, 2014) ("Because no party contests the motion, it is unnecessary to weigh the *Tech-Bilt*

23   factors."); *Gallagher v. Sherman & Feller*, 2011 WL 6330478, at *5 (N.D. Cal. Dec. 19, 2011)

24   (same); *Schaeffer*, 2015 WL 5316357, at *2 (N.D. Cal. Sept. 11, 2015) (same).

25   _____

26   [2] The Court notes that Community Home was terminated as a defendant in this action upon the
     filing of the FAC on November 29, 2016, which alleges no claims against them. ECF 12. Further,
27   Plaintiff's notice of settlement does not mention Community Home as a party to the settlement.
     ECF 35. Nevertheless, the Court recognizes that the motion for a good faith determination, ECF
28   38, and the settlement agreement itself, ECF 38-2, include Community Home as a Released
     Defendant and thus considers Community Home for purposes of its determination of good faith.

Out of an abundance of caution, the Court reviewed the settlement in light of the *Tech-Bilt* factors and finds that the settlement does in fact satisfy the applicable *Tech-Bilt* factors. The settlement agreement provides for a payment of $80,000 to Plaintiff, $65,000 of which will be paid by ConAm alone. The three owner entities who contend that they never actually employed Plaintiff will pay the remaining $15,000. These amounts appear to be proportionate to the liability of each Released Defendant, since Plaintiff's claims against the owner entities faced significant obstacles arising from her theory that they were "joint employers" with ConAm and Winn. The Court also recognizes that $80,000 is a significant sum in its own right, and claims remain against the non-settling defendant, Winn, who is Plaintiff's current employer. Although the Court does not have a complete picture of the financial considerations in this case, the Court finds that based on the FAC and claims at issue, a settlement amount of $80,000 is well "within the ballpark" of the Released Defendants' relative liabilities. *City of Grand Terrace*, 192 Cal. App. 3d at 1260 (quoting *Tech-Bilt*, 38 Cal. 3d at 499). The Released Defendants further contend that they did not engage in collusion, fraud, or other tortious conduct. Mot. 9.

The Court is satisfied that the settlement between Plaintiff and the Released Defendants is the product of arms-length negotiation before an experienced mediator and represents a good faith settlement pursuant to section 877.6. The Court hereby GRANTS the Released Defendants' unopposed motion. Pursuant to the original 60 day stay in this case, the action will remain stayed through August 15, 2017. ECF 37. Upon the expiration of the stay, Plaintiff and the Released Defendants shall file a joint status update on the status of the remaining settlement agreement contingency and the forthcoming notice of dismissal of all claims against the Released Defendants with prejudice. Plaintiff and Defendant Winn shall also file a joint status update upon expiration of the stay.

**IT IS SO ORDERED.**

Dated: August 10, 2017

BETH LABSON FREEMAN
United States District Judge